UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALLAS BUYERS CLUB, LLC, a Texas limited liability company,

Plaintiff,

v.

DOE-174.65.2.54,

Defendant.

Case No.:  15cv1615-BAS (DHB)

**ORDER DENYING PLAINTIFF'S MOTION TO USE INFORMATION AND ADDITIONAL TIME TO SERVE COMPLAINT [ECF No. 9]**

On July 21, 2015, Plaintiff filed a Complaint against Doe, a subscriber assigned IP address 174.65.2.54 ("Defendant").  (ECF No. 1.)  Plaintiff alleges a single cause of action for direct copyright infringement of the motion picture *Dallas Buyers Club*.  On August 20, 2015, the Court granted Plaintiff leave to subpoena records from Internet Service Provider ("ISP") Cox Communications in order to learn the identity of the account holder assigned to Defendant's IP address.  (ECF No. 8.)  The Court permitted the early discovery so that Plaintiff would be able to identify and serve Defendant.  The Court specifically limited the scope of the subpoena to requesting the subscriber's name and address.  The Court expressly prohibited Plaintiff from requesting any other contact information, such as a telephone number or email address.

/ / /

1

According to Plaintiff, Cox Communications responded to the subpoena on October 7, 2015.  The subpoena response included the telephone number associated with the subscriber, despite the Court's order.  Plaintiff now requests permission to use the phone number.  Plaintiff also seeks an additional 120 days to serve the Complaint so that it can "continue discovery."  (ECF No. 9.)

The Court has already determined that a name and address was sufficient information to permit Plaintiff to serve the Complaint.  The Court also already found that additional discovery beyond the subpoena was not appropriate at this juncture in the litigation.  The fact that Plaintiff gratuitously came into possession of the telephone number associated with the Doe Defendants' IP address does not change the Court's prior reasoning.  The purpose of early discovery in an action such as this is "to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Early discovery is not intended to facilitate a plaintiff's efforts to communicate with a Doe defendant or pursue pre-service-of-process settlement negotiations.  *See e.g. Hard Drive Productions, Inc. v. Does 1-90*, 2012 WL 1094653, *6 (N.D. Cal. Mar. 30, 2012) (denying request for early discovery in a copyright infringement action and expressing concern that the plaintiff would use the subscriber information to pursue an "extrajudicial business plan" of extracting settlement payments from potential infringers); *Malibu Media LLC v. John Doe*, 13-cv-435-LAB-DHB, ECF No. 11 (S.D. Cal. Aug. 14, 2013) (denying motion to quash subpoena to ISP provider for name and address of subscriber, but limiting the use of the information "for service of process only" and restricting the plaintiff from contacting the doe defendant under after an answer was filed); *Patrick Collins, Inc. v. John Does 1-6*, 2012 U.S. Dist. LEXIS 77486 (S.D.N.Y June 1, 2012) (permitting early discovery but stating "[t]he Court can see no reason why the disclosure of the Doe defendants' telephone numbers is necessary at this stage of the litigation to preserve Plaintiff's copyright interests.").  Here, Plaintiff has not shown how use of the telephone

number will lead to service of the Complaint.  Plaintiff has received a name and address from Cox Communications, and that should be sufficient.  Plaintiff's request to use the telephone number provided by Cox Communications is therefore, **DENIED**.

Further, Plaintiff has not shown that it will be unable to serve the Complaint within the time frame provided by Rule 4 of the Federal Rules of Civil Procedure.  Indeed, beyond mailing unofficial letters to the address provided by Cox Communications, it does not appear Plaintiff has made any effort to actually serve the Complaint.  The Complaint was filed on July 21, 2015.  Therefore, Plaintiff has approximately 2 more weeks to effectuate service.  Because there is still time remaining for Plaintiff to timely serve the Complaint, Plaintiff's request for additional time is **DENIED without prejudice**.  If Plaintiff attempts, but is unable to serve the Complaint before the 120 day period expires, Plaintiff may request an extension of time from the district judge assigned to this case.

**IT IS SO ORDERED.**

Dated:  November 5, 2015

Hon. David H. Bartick
United States Magistrate Judge

15cv1615-BAS (DHB)