UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, a Texas limited liability company,<br><br>                             Plaintiff,<br><br>v.<br><br>ILANA SIGNER,<br>                             Defendant. | Case No.: 15cv1615-BAS (DHB)<br><br>**ORDER DISMISSING ACTION** |

On April 27, 2016, Plaintiff filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2).[1] (ECF No. 32.) Because Defendant has filed an answer, Plaintiff cannot dismiss this action through a Notice of Voluntary Dismissal. *See* Fed.R.Civ.P. 41(a)(2). Therefore, the Court construes Plaintiff's Notice as an *Ex Parte* Motion for Dismissal.

Federal Rule of Civil Procedure 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).

---

[1] Plaintiff's Notice states "Plaintiff voluntarily dismisses this matter under FRCP *41(2)*." (ECF No. 32 (emphasis added.) The Court presumes Plaintiff meant to refer to Rule 41(a)(2).

1

When ruling on a request for dismissal under Rule 41(a)(2), court must determine "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

Here, the Court has considered the filings and the record in this case, including the parties' representation that they have reached a settlement of this action (ECF No. 28), and finds dismissal is appropriate. The Court does not find it necessary to impose any additional terms or conditions. Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: April 28, 2016

DAVID H. BARTICK
United States Magistrate Judge